The prosecutor of this writ of habeas corpus was convicted, sentenced and imprisoned at Rahway for manslaughter committed June 30th, 1927, and took an appeal. He was entitled to be enlarged on bail pending the appeal as the statutes stood at the time the crime was committed. Four days thereafter an act went into effect that enlargement should be only upon a certificate of reasonable doubt granted by the trial court. The trial court refused the certificate and the prosecutor sued out this writ, claiming that as he was of right entitled to bail when the offense was committed, this right was not taken from him constitutionally by the later law. The right to bail after conviction is a statutory privilege that relates not to the crime nor judgment but only to the procedure on review, and the added condition to the exercise of the privilege by an act passed after the commission of the crime does not offend the constitutional inhibition against ex post facto laws. Procedural privileges are always under legislative control. Cooley Const. Lim. 272;Moore v. State, 43 N.J. Law 203.
Counsel have recently with considerable frequency applied to this court to discharge on bail persons convicted of crime. Attention is called to Mr. Justice Kalisch's observation of the impropriety of this course in In re Baronne, 97 N.J. Law 249, that "the suggestion that a writ of habeas corpus might be a proper proceeding (to release on bail) lacks legal force. Prior to the statute of 1881, under discussion, bail was not permissible after judgment given on a conviction in a criminal case. During the pendency of the appeal by writ of error, the convicted person remained in confinement, under the judgment pronounced upon him. The right to bail after conviction and judgment being purely statutory, the procedure pointed out by the statute is controlling. Moreover, paragraph 2 of section 2 of theHabeas Corpus act (2 Comp. *Page 189 Stat. p. 2640), denies to persons, committed or detained by virtue of the final judgment or decree of any competent tribunal of civil or criminal jurisdiction, to sue out a writ of habeascorpus."